UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                  :

RENE ABREU,
                                  :

            Petitioner,
                                  :    **MEMORANDUM DECISION**

     - against -
                                  :    05 Civ. 3922 (DC)

SUPERINTENDENT,
Upstate Correctional Facility,    :

            Respondent.[1]  :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**    RENE ABREU
                   Petitioner Pro Se
                   Upstate Correctional Facility
                   Malone, NY  12953

                   ROBERT T. JOHNSON, ESQ.
                   Bronx County District Attorney
                   Attorney for Respondent
                        By:  Christopher J. Blira-Koessler, Esq.
                            Assistant District Attorney
                   198 East 161st Street
                   Bronx, NY  10451

**CHIN, D.J.**

        Pro se petitioner Rene Abreu petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate his conviction on the basis of ineffective assistance of counsel. Before the Court is respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year period of limitation on habeas corpus applications by

---

[1]    The petition originally named James T. Conway, superintendent of Attica Correctional Facility, as respondent. During the pendency of this motion the state moved Abreu from Attica Correctional Facility to Upstate Correctional Facility in Malone, New York. The superintendent of Upstate Correctional Facility has therefore been substituted as respondent in place of Conway. See Fed. R. Civ. P. 25(d)(1); Rule 2(a), Rules Governing § 2254 proceedings for the U.S. District Courts.

persons in state custody. For the reasons stated below, respondent's motion to dismiss is granted, and Abreu's petition is dismissed as time-barred.

## BACKGROUND

**A.  Trial Court Proceedings**

On January 5, 1999, following a jury trial, Abreu was convicted in the Supreme Court, Bronx County, of three counts of first-degree robbery and one count of first-degree burglary. Abreu was sentenced to three concurrent terms of imprisonment of twenty-five years for the robbery convictions consecutive to a term of ten years for the burglary conviction. He was incarcerated at the Attica Correctional Facility in Attica, New York. On or about May 30, 2005, Abreu was moved to Upstate Correctional Facility in Malone, New York.

**B.  The Appeals**

Abreu's appellate counsel raised three issues on direct appeal: (1) the trial judge improperly coerced Abreu into waiving his constitutional right to be present at sidebar questioning of jurors; (2) the trial court erred in imposing consecutive sentences; and (3) ineffective assistance of trial counsel. In a decision dated April 9, 2002, the Appellate Division unanimously affirmed Abreu's conviction. People v. Abreu, 739 N.Y.S.2d 570 (1st Dep't 2002).

In papers dated July 9, 2002, Abreu applied for leave to appeal to the New York State Court of Appeals. The

application was denied on October 17, 2002. People v. Abreu, 98 N.Y.2d 766 (2002).

In pro se papers dated January 6, 2004, Abreu moved the Appellate Division for a writ of error coram nobis. The Appellate Division denied his application on November 30, 2004. People v. Abreu, 786 N.Y.S.2d 373 (1st Dep't 2004).

In pro se papers dated December 24, 2004, Abreu applied for leave to appeal the denial of his coram nobis petition. On February 28, 2005, the Court of Appeals denied Abreu's leave application. People v. Abreu, 4 N.Y.3d 795 (2005).

## C. The Habeas Petition

Now, in pro se papers dated February 29, 2005, but stamped "received" by this Court's pro se office on April 7, 2005, Abreu brings the instant writ of habeas corpus petition, arguing that he received ineffective assistance of trial and appellate counsel. The state has moved to dismiss the petition as barred by the one-year statute of limitations applicable to Section 2254 habeas petitions.

## DISCUSSION

## A. Applicable Law -- Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of--

>     (A) the date on which the judgment became
>     final by the conclusion of direct review or
>     the expiration of time for seeking such
>     review . . . .

28 U.S.C. § 2244(d)(1)(A).

The Second Circuit has held that for purposes of 28 U.S.C. § 2244, a state conviction becomes "final" when the time to seek certiorari to the United States Supreme Court has expired, which is ninety days after the date direct review of the case has been completed by the highest court in the relevant state. Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001); Williams v. Breslin, No. 03 Civ. 1848 (RWS), 2004 WL 242447, at *1 (S.D.N.Y. Feb. 11, 2004).

The one-year limitations period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "If utilized, this tolling provision 'excludes time during which properly filed state relief applications are pending,' but it does not restart the statute of limitations clock." Williams, 2004 WL 242447, at *2 (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). The Second Circuit has held that, for purposes of tolling the one-year period, a coram nobis petition is deemed filed on the date it is delivered to prison officials for mailing. Fernandez v. Artuz, 402 F.3d 111, 111 (2d Cir. 2005). When a coram nobis application is denied, the clock starts to run again on the day of its denial by the Appellate Division, and does not continue to be tolled if a petitioner seeks leave to appeal from the Court of

-4-

Appeals. See Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000) (explaining that "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable . . . . With the filing of the Appellate Division's coram nobis order, the door of the New York Court of Appeals was closed and further appellate review was unavailable.") (citations omitted); Hizbullahankhamon v. Walker, 255 F.3d 65, 70-71 (2d Cir. 2001) (citing Geraci and finding that coram nobis petition ceased to be "pending" on date it was denied by Appellate Division).

**B.  Application**

The petition is time-barred.

The New York State Court of Appeals denied leave to review Abreu's conviction on October 17, 2002. Abreu's conviction therefore became final ninety days later when his time to petition for certiorari expired -- January 15, 2003. See Williams, 237 F.3d at 151. Thus, the clock was running on Abreu for the entire period from January 15, 2003 (the date on which his conviction became final), to January 6, 2004 (the date on which he delivered to prison officials his coram nobis petition, thus tolling the time in which he had to file a Section 2254 petition). This period is only nine days short of a year.

Thus, Abreu had nine days from the denial of his coram nobis petition to file the instant petition. The Appellate Division denied the coram nobis petition on November 30, 2004. Abreu therefore had until December 9, 2004, to file the habeas

petition.  He did not file it until, at the very earliest, late February or early March 2005, for the petition is dated February 29, 2005.

Moreover, it is apparent that Abreu did not "file" the petition even as early as February 29, 2005, and in fact did not file it until some time in late March or early April 2005. First, the Court of Appeals did not deny review until February 28, 2005, so it is virtually impossible that Abreu, who was in prison, would have received notice of the decision the very next day.  Second, Abreu declared under penalty of perjury that he handed the petition to prison officials on February 29, 2005, but that date is non-existent -- 2005 was not a leap year.  Third, the envelope that Abreu used to mail the petition indicates that it was "checked" by a correction officer on March 29, 2005. (Notice of Motion Ex. 4).  Fourth, the envelope bears a postmark of April 4, 2005.  (Id. Ex. 5).  Abreu has submitted nothing to provide an explanation for this apparent tardiness, and the Court can therefore only conclude that he mailed the petition some time around the end of March or beginning of April 2005, long after the one-year period had expired even if the limitations period had been tolled until February 28, 2005, which it was not.[2]

---

[2]  In certain "rare and exceptional circumstances," the one-year limitations period may be subject to equitable tolling. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted).  Abreu did not submit any papers in response to the state's motion to dismiss; nonetheless, nothing either on the face of the petition or anything else that has been brought to the Court's attention indicates the existence of extraordinary circumstances that would support equitable tolling of the limitations period in this case.

Accordingly, the petition is time-barred and must be dismissed.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss Abreu's petition for a writ of habeas corpus is granted. Accordingly, Abreu's petition is dismissed. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000).

SO ORDERED.

Dated: New York, New York
March 1, 2006

DENNY CHIN
United States District Judge